## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Kendell Bedenfield, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 01 C 7013    DOCKETED |
| ) | JUL 2 3 2002 |
| Police Officer R. Schultz and Police ) | July David H. Coar |
| Officer J. Geibush, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF MOTION**

FILED
JUL 1 5 2002

TO: Michael Robbins
Schlesinger & Robbins, Ltd.
150 No. Wacker Drive - suite 2460
Chicago, Illinois 60606

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLEASE TAKE NOTICE** that I have this day filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **MOTION TO BAR**, a copy of which is attached hereto.

**PLEASE TAKE FURTHER NOTICE** that I shall appear before the Honorable Judge David Coar, or before such other Judge sitting in his place or stead, on the 19th day of July 2002 at 9:00 a.m., or as soon thereafter as counsel may be heard and then and there present the attached Motion.

**DATED** at Chicago, Illinois this 15th day of July 2002.

| | |
|---|---|
| 30 No. LaSalle Street | Respectfully submitted, |
| Suite 1400 | |
| Chicago, Illinois 60602 | |
| 312.744.3283 | *[signature]* |
| Attorney No.: 06189906 | Arlene E. Martin |
| | Assistant Corporation Counsel |

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused true and correct copy of the above and foregoing **MOTION** to be mailed via U.S. mail to the above-referenced attorney at address therein shown, on this 15th day of July 2002.

*[signature]*
Arlene E. Martin

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Kendell Bedenfield, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) No. 01 C 7013 | |
| | ) | |
| Police Officer R. Schultz and Police | ) July David H. Coar | |
| Officer J. Geibush, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED JUL 2 3 2002

FILED JUL 1 5 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### DEFENDANTS' MOTION TO BAR PLAINTIFF'S EXPERT, KARIM TOURK, M.D.

Defendants, Robert Schultz and James Geibush, by one of their attorneys, Arlene E. Martin, Assistant Corporation Counsel for the City of Chicago, ask this Court to bar trial testimony from Dr. Karim Tourk for the reasons explained below. In addition, defendants seek an order directing plaintiff to comply with Rule 26 (a)(2)(B) for Dr. Gregory Przybylski.

### Background

1. This matter is scheduled to be tried on September 16, 2002.

2. The parties are required to file the final pretrial order on August 19, 2002.

3. Before the close of fact discovery, plaintiff disclosed Dr. Gregory Przybylski and Dr. Karim Tourk, two treating physicians, as his expert witnesses. See Group Exhibit 1.

4. On June 12, 2002, defendants notified plaintiff that they wished to take both doctors' depositions as experts, suggesting several dates. See Exhibit 2. Dr. Przybylski's deposition subsequently was scheduled for June 28, 2002.

5. On June 17, 2002, defendants' counsel again request deposition dates for plaintiff's experts.



6.  On July 19, 2002, plaintiff advised defendants that Dr. Przybylski would be available on June 28, 2002 to give his deposition, but no date could be obtained for Dr. Tourk.

**Dr. Karim Tourk**

7.  Dr. Tourk was identified as an expert within the time fact discovery was open, therefore, defendants did not take his deposition as a fact witness. Instead, defendants asked for his deposition as an expert.

8.  It was not until June 27, 2002, that plaintiff advised defendants that Dr. Tourk was not cooperating, and that Dr. Tourk would not give his deposition. See Exhibit 3.

9.  Defendants believed that although plaintiff stated Dr. Tourk was uncooperative and would not give an expert deposition, plaintiff would call the Dr. Tourk at the time of trial to give trial testimony as a treating physician. To avoid unfair prejudice, defendants issued a deposition subpoena to Dr. Tourk.[1] Plaintiff did not object. See Exhibit 4.

10. Because defendants were required to identify their expert(s) by July 15, 2002, the only available date to take Dr. Tourk's deposition was July 8, 2002.

11. On July 2, 2002, the morning Dr. Tourk was served, he called defendants' counsel.

12. To the surprise of defendants' counsel's, Arlene Martin, Dr. Tourk advised Ms. Martin that he was unaware that plaintiff's counsel had identified him as an expert in this matter. Dr. Tourk also advised Ms. Martin that he specifically advised plaintiff's counsel that the report he wrote at plaintiff's counsel's request was as a treating physician. Ms. Martin advised

---

[1] Dr. Tourk was unable to give his deposition on July 8, 2002 because he had prearranged plans to go out of town for the holiday weekend. Dr. Tourk advised Ms. Martin he was not sure of his date of return.

2

plaintiff's counsel of the telephone call. See Exhibit 5.

13. From the medical records defendants received, defendants believe Dr. Tourk is an internist who treated plaintiff while plaintiff was in the Veteran's Hospital.

14. Upon Ms. Martin's inquiry, Dr. Tourk denied plaintiff's account that he was uncooperative and did not wish to give his deposition.

15. Plaintiff has advised defendants that he will call Dr. Tourk as a fact witness. See Exhibit 6.

16. If Dr. Karim Tourk is permitted to testify either as a treater or expert at trial in this matter, defendants will be irreparably prejudiced because defendants did not have an opportunity to depose Dr. Tourk.

17. For these reasons, defendants seek the Court's order barring Dr. Karim Tourk from giving any trial testimony.

**Dr. Gregory Przybylski**

18. On June 28, 2002, in spite of the fact that plaintiff had not complied with Rule 26 (a) (2) (B) giving a list of cases in which Dr. Przybylski gave deposition or trial testimony, defendants took Dr. Przybylski's deposition.

19. In addition, at Dr. Przybylski's deposition, defendants' counsel learned that exchanges of the doctor's opinion letter were made between the doctor and plaintiff's counsel due to changes made by the plaintiff. See Exhibit 7 at pp 5-7.

20. It appears that plaintiff's counsel wrote the opinion draft and submitted it to Dr. Przybylski for approval. Dr. Przybylski made corrections to the opinion letter and returned it to plaintiff's counsel.

21. Defendants' counsel asked plaintiff's counsel for copies of all correspondence between him and Dr. Przybylski, including copies of the opinion letters showing edits made by

3

either the plaintiff's attorney or Dr. Przybylski. Dr. Przybylski did not have those documents in his file.

22. In spite of defendants' several requests for the list of cases and the correspondence between the doctor and plaintiff's counsel, defendants have not received these documents. See Exhibit 8.

23. Defendants ask the court to order plaintiff to produce the documents within seven days.

Wherefore, Defendants, Robert Schultz and James Geibush, move this court for entry of an order:

1. barring trial testimony from Dr. Karim Tourk.

2. directing plaintiff to tender all correspondence and draft opinion letters exchanged between plaintiff's counsel and Dr. Gregory Przybylski.

Respectfully submitted,

Arlene E. Martin
Assistant Corporation Counsel

30 No. LaSalle Street, Suite 1400
Chicago, Illinois 60602
312.744.3283
Fax: 312.744.6566
Attorney No.: 06189906

4

See Case File For Exhibits