# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7013 | **DATE** | 7/17/2003 |
| **CASE TITLE** | Bedenfield vs. Shultz, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting plaintiff's motion for a new trial on the issue of damages. Pretrial order will be due by 8/22/03; and response to any motions in limine by 9/5/03. Pretrial conference set for 9/26/03 at 4:00 p.m. Two-day jury trial set for 10/6/03 at 9:30 a.m. Defendants' bill of costs is denied as untimely.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 2 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | JUL 18 2003 date docketed | 61 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | CDY docketing deputy initials | |
| | Mail AO 450 form. | 7/17/2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| MPJ | courtroom deputy's initials | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KENDELL BEDENFIELD, | ) | **DOCKETED** |
| Plaintiff, | ) ) ) | JUL 1 8 2003 |
| v. | ) ) | No. 01 C 7013 |
| ROBERT SHULTZ and JAMES GEISBUSH, | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Kendell Bedenfield sued Chicago Police Officers Robert Shultz and James Geisbush under 42 U.S.C. § 1983 regarding an incident alleging the excessive use of force. The incident occurred outside a currency exchange, where Mr. Bedenfield was stopped by Officers Shultz and Geisbush, who were responding to a robbery alarm at the exchange. As Mr. Bedenfield was leaving the currency exchange, the officers stopped him and conducted a pat down search. Following the pat down, the officers learned that the alarm was false and there had been no robbery. Mr. Bedenfield then entered the squad car and was asked for some information. During this conversation inside the car, there was a comment made about whether Mr. Bedenfield had a weapon. The officers told Mr. Bedenfield to exit the car, where they attempted to perform a second pat down search. During this search, there was a dispute between Mr. Bedenfield and the officers, and Mr. Bedenfield was forcefully handcuffed and arrested. Mr. Bedenfield claimed that he



was severely injured during this encounter with the police. Following a jury trial, a verdict was returned in favor of Mr. Bedenfield, awarding him one dollar in nominal damages. Mr. Bedenfield now moves pursuant to Fed. R. Civ. P. 59 for a new trial on the issue of damages. I grant the motion.

When a verdict is contrary to the manifest weight of the evidence, I may grant a new trial pursuant to Rule 59. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000). While I am well aware of the high bar for granting a motion for a new trial, especially based on weight of the evidence, *see Latino v. Kaizer*, 58 F.3d 310, 314-15 (7th Cir. 1995), I find that there was no reasonable basis for the jury's award of nominal damages and that a new trial on that issue is warranted. *See Cefalu*, 211 F.3d at 424 ("As long as there is a reasonable basis in the record to support it, we will not overturn a jury's verdict.").

The Seventh Circuit has noted that excessive force and nominal damages "make strange bedfellows." *Briggs v. Marshall*, 93 F.3d 355, 360 (7th Cir. 1996). There are, however, three situations in which nominal damages may be awarded to remedy the constitutional violation of excessive force.

> First, during an altercation between a police officer and an arrestee/detainee, the officer might use both justifiable and excessive force, but any injury might have resulted from the justifiable force, thereby supporting the denial of compensatory damages. Next, nominal damages may be appropriate where a jury reasonably concludes that evidence concerning the plaintiffs' injuries was not credible.... Finally, nominal damages may be appropriate where the victim's

2

> injuries have no monetary value or are insufficient to justify with reasonable certainty a more substantial measure of damages.

*Id.* (internal citations and quotations omitted). None of these situations apply here.

First, the undisputed testimony of Mr. Bedenfield, Officer Shultz, and Officer Giesbush all show that throughout the encounter, there was only one instance of force used on Mr. Bedenfield, which occurred during the second pat down after Mr. Bedenfield exited the police car. There was no force used during the first pat down search, nor was there force used as Mr. Bedenfield entered and exited the police car. The only force used on Mr. Bedenfield occurred during the second pat down, when Officers Shultz and Geisbush handcuffed him. As there was only one instance of force during the encounter, the jury could not have found that the officers used both justifiable and excessive force. The extent of force used while handcuffing Mr. Bedenfield was contested, but by finding in his favor, the jury thought it excessive. Therefore, any injury resulting from the officers' use of force was not the result of justifiable force. Thus, the first *Briggs* situation does not apply.

Nor do the second two *Briggs* situations apply. The second *Briggs* situation (lack of credible evidence of injury) occurs where nearly all evidence of damages consists of the plaintiff's testimony. *Id.* Here, however, Mr. Bedenfield produced the

testimony of two doctors who discussed the extent and seriousness of his injuries. This medical testimony about the seriousness of his injuries also indicated that the third *Briggs* scenario (injuries of no monetary value) did not apply. Further, Mr. Bedenfield presented evidence from the lockup keeper showing that he had "obvious pain or injury" upon his arrival at the police station after the incident. Here, "there is no denying that [Mr. Bedenfield] suffered physical injuries during the incident." *Stachniak v. Hayes*, 989 F.2d 914, 923-24 (7th Cir. 1993) (affirming trial court's refusal to give nominal damages instruction in excessive force case). And as the jury found that the single use of force during the incident was excessive, there is no denying that Mr. Bedenfield suffered physical injuries as the result of excessive force. Because the award of nominal damages was against the manifest weight of the evidence, a new trial on the issue of damages is appropriate.[1]

---

[1] "Partial trials are proper if 'it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *McClain v. Owens-Corning Fiberglas Corp.*, 139 F.3d 1124, 1128 (7th Cir. 1998) (quoting *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931)). If the question of damages "is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty," then a retrial on damages alone is tantamount to a denial of a fair trial. *Id.* (citing *Gasoline Prods.*, 494 U.S. at 500). I see no difficulty here with submitting the issue of damages to a new jury without the issue of liability. *Cf. id.* at 1128 (finding no abuse of discretion where trial court ordered new trial on damages alone in a wrongful death case).

Plaintiff's motion for a new trial on the issue of damages is GRANTED.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: July 17, 2003